UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Steven Horsley, | ) |
| Plaintiff, | ) Case No.: 1:20-cv-00262 |
| vs. | ) Judge Michael R. Barrett |
| Barbara Nice, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Barbara Nice's Motion for Summary Judgment. (Doc. 16). Plaintiff Steven Horsley filed a Response in Opposition (Doc. 18) and Defendant filed a Reply (Doc. 19).

In February 2019, Plaintiff's wife filed for a divorce in the Domestic Relations Court of Clermont County, Ohio. (Doc. 16-1 PageID 285). As part of that proceeding, a temporary restraining order prohibited either spouse from transferring or disposing of financial assets without spousal or court approval throughout the divorce proceeding. (*Id.* PageID 292-93). In August 2019, before the divorce proceeding was finalized, and unbeknownst to Plaintiff's wife or the domestic relations judge, Plaintiff wire transferred a total of $102,000.00 to Defendant, his girlfriend. (Doc. 15-1). In September 2019, Plaintiff executed sworn "gift note" that stated that the $102,000.00 was a gift to Defendant in August 2019, and he gave that note to Defendant. (Doc. 14-1); (Doc. 14-4).

At a subsequent contempt hearing before the domestic relations judge, Plaintiff told the judge that he loaned the money to Defendant to avoid a contempt charge and

that it was a loan, not a gift, to Defendant. (Doc. 16 PageID 269); Fed. R. Evid. 801(d)(2). The judge told Plaintiff to get the money back or that it would be deducted from his share of the martial assets. (Doc. 16 PageID 270). However, Defendant had already used the money to purchase a home in her name. (Doc. 15-1).

As is stands before this Court,[1] Plaintiff's Complaint includes three claims against Defendant—conversion, fraud, and conspiracy—and he believes that he is entitled to either the $102,000.00 back or title to Defendant's home. (Doc. 1). Defendant disagrees. She argues that summary judgment in her favor is warranted, as Plaintiff gave her a valid, irrevocable inter vivos gift when he transferred the money into her individual checking account and subsequently executed a sworn statement that the money was a gift to her. (Doc. 16). As best the Court can understand Plaintiff's responsive argument, and in one of the more novel attempts to avoid summary judgment that this Court has examined, he argues that summary judgment is improper, as there are genuine issues of material fact regarding whether his gift is absolute, because he and Defendant conspired together to perpetrate fraud on the domestic relations court. (Doc. 18).

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for

---

[1] Though not contested, the Court has jurisdiction over this matter and venue is proper. *See* 28 U.S.C. §§ 1332, 1391(b)(2).

summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 248-49 (1986).

The record contains wire transfer records, a sworn gift note, and text messages between the parties, sent before and after the gift, that both parties rely on to argue summary judgment is or is not appropriate. (Docs. 14-1, 14-4, 15-1, 15-4, 18-1, 18-2). Construing this evidence in a light most favorable to Plaintiff, as the Court must as this juncture, *Cincinnati Ins. Co. v. Zen Design Grp., Ltd.*, 329 F.3d 546, 552 (6th Cir. 2003), the Court finds adequate record evidence to create a genuine issue of material fact as to whether Plaintiff's gift is absolute and whether he and Defendant conspired together to perpetrate fraud on the domestic relations court. This evidence creates genuine issues of material fact and is more properly reviewed by the jury.[2] *See* FED. R. CIV. P. 56(a). Defendant is thus not entitled to summary judgment.

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

                                                  _/s Michael R. Barrett_____
                                                  Michael R. Barrett, Judge
                                                  United States District Court

---

[2] Defendant submitted a timely jury trial demand for all of Plaintiff's claims. (Doc. 8); FED. R. CIV. P. 38.